**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**(WATERLOO)**

|  |  |
|---|---|
| **In Re:**<br><br>**RYAN'S ELECTRICAL**<br>**SERVICES, LLC,**<br><br>Debtor. | Case No. 20-00411<br><br>Chapter 11<br><br>Hon. Thad J. Collins |

## MOTION FOR ADEQUATE PROTECTION

Community State Bank ("**CSB**"), creditor and interested party in this matter, pursuant to 11 U.S.C. 363, Federal Rules of Bankruptcy Procedure 4001 and 9014, and Local Rule 9014-1, respectfully moves this Court for an Order conditioning Debtor Ryan's Electrical Services, LLC's ("**Debtor**") use of CSB's cash collateral.

## I. BACKGROUND FACTS

1.	On March 25, 2020, Debtor filed for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**").

2.	Debtor continues to operate its business during the pendency of this case under section 1184 of the Bankruptcy Code as a debtor-in-possession.

3.	CSB has first-priority security interests in Debtor's inventory, equipment, accounts, instruments, rights to payment, and general intangibles, among other things ("**Collateral**"). *See* Claim 9. CSB has a secured claim for $825,159.47, and an unsecured claim for $85,105.32. *Id.*

4.	Debtor and CSB have not been able to agree to a consent stipulated order for use of CSB's cash collateral.

## II.   DISCUSSION

5.      Section 363(c)(2) of the Bankruptcy Code authorizes Debtor to "use, sell, or lease cash collateral" only if "each entity that has an interest in such cash collateral consents; or . . . the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Subsection (e) states,

> on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

6.      If a party has a security interest in cash, proceeds, or their equivalent, the court should not authorize the use of cash collateral absent a finding of adequate protection. *In re Vegt*, 495 B.R. 433, 438–39 (Bankr. N.D. Iowa 2013). Adequate protection may be cash payments, replacement liens, or relief that "will result in the realization by such entity of the indubitable equivalent." 11 U.S.C. § 361. "'The issue of adequate protection is a question of fact.'" *In re Vegt*, 495 B.R. at 438–39 (quoting *TLP Servs., LLC v. Stoebner* (*In re Polaroid Corp.*), 460 B.R. 740, 742 (B.A.P. 8th Cir. 2011)).

7.      Bankruptcy courts must (1) establish the value of the secured creditor's interest, (2) identify the risks to the secured creditor's value resulting from the debtor's request for use of cash collateral, and (3) determine whether the debtor's adequate protection proposal protects value as nearly as possible against risks to that value consistent with the concept of indubitable equivalence. *In re Martin*, 761 F.2d 472, 476–77 (8th Cir. 1985); *In re Grooters Feedlot, LLC*, No. BR 18-00356, 2018 WL 3653354, at *3–4 (Bankr. N.D. Iowa May 1, 2018). Debtor bears the burden of proof on the issue of adequate protection. *See* 11 U.S.C. § 363(p)(1).

8.      Debtor is continuing to operate its business and CSB has a first-priority blanket security interest in Debtor's inventory, equipment, accounts, instruments, rights to payment, and general intangibles, among other things, and their proceeds. *See* Claim 9.[1] Most, if not all, of Debtor's cash is proceeds of Debtor's inventory, accounts, instruments, rights to payment, and/or general intangibles. Thus, notwithstanding a final calculation of the value of certain federal tax liens, CSB has a first-priority security interest in Debtor's cash collateral that requires Debtor to provide CSB adequate protection.

9.      The Collateral is subject to diminution in value associated with running Debtor's business during the pendency of Debtor's case. In addition, Debtor is facing substantial federal and state tax liabilities, and the current economic climate is very uncertain. Depletion of accounts and rights to payment resulting from the diminished economic capacity of Debtor's suppliers and clients will lower account values and accounts receivable. Debtor's Collateral is at risk of being lost as Debtor continues to operate its business, especially given the current state of the economy.

10.      As more fully set forth in the proposed Order for Use of Cash Collateral, the Court—among other things—should order Debtor to pay CSB adequate protection in the form of pre- and post-confirmation adequate protection payments, a post-petition lien on Debtor's post-petition Collateral, a super priority administrative claim for any post-petition diminishment in Collateral, a requirement that Debtor obtain or maintain insurance coverage on the Collateral, and a limitation on Debtor's use of CSB's cash collateral to the ordinary course of business. These measures will ensure that CSB will retain any of the value the Collateral will lose by virtue of Debtor's using that Collateral while operating its business.

---

[1] To some extent, some part of the CSB liens may be "primed" by lines filed by the Internal Revenue Service.  A final calculation has not yet been made.

11.    Accompanying this Motion, as Exhibit A, is a proposed Cash Collateral Order with terms reasonably and sufficient to provide adequate protection of CSB's interests in the cash collateral.

WHEREFORE, CSB respectfully requests that the Court enter an Order adopting the terms and conditions set forth in the Cash Collateral Order accompanying this Motion as Exhibit A, and for such further relief the Court finds necessary under the circumstances.

Respectfully submitted,

/s/ **Peter J. Chalik**
        Iowa State Bar No. 42772278

Thomas H. Burke
Johannes H. Moorlach
**WHITFIELD & EDDY, P.L.C.**
699 Walnut St., Suite 2000
Des Moines, IA  50309
Telephone:  (515) 288-6041
Fax:  (515) 246-1474
burke@whitfieldlaw.com
chalik@whitfieldlaw.com
moorlach@whitfieldlaw.com

ATTORNEYS FOR COMMUNITY
STATE BANK

**Via CM-ECF:**

Robert Gainer
Cutler Law Firm
1307 50th Street
West Des Moines, IA 50266
*Attorney for Debtor*

Douglas Flugum
Bugeye Ventures, Inc.
P.O. Box 308
Cedar Rapids, IA 52406
*Trustee*

Ashley Zubal

4

Trial Attorney
U.S. Trustee
Federal Building
210 Walnut Street, Rm 793
Des Moines IA 50309-2108
*Attorney for U.S. Trustee*

**CERTIFICATE OF SERVICE**

The foregoing instrument was served upon all parties listed herein either by electronic mail and U.S. mail as shown by the Notice of Electronic Filing through the CM/ECF system or by depositing a copy thereof to each of the parties not served via electronic mail (as indicated, if any) in the U.S. Mail, postage prepaid, in envelopes addressed to each of the parties at their respective addresses on April 28, 2020. The undersigned declares under penalty of perjury that the foregoing is true and correct.

*/s/ Peter J. Chalik*