IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA (Waterloo)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Ryan's Electrical Services, LLC | ) | Case No. 20-00411 |
| | ) | Chapter 11 |
| Debtor, | ) | Judge Thad J. Collins |
| | ) | |
| Americredit Financial Services, Inc. | ) | |
| dba GM Financial | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| Ryan's Electrical Services, LLC | ) | |
| Respondent, | ) | |
| and | ) | |
| | ) | |
| Douglas Dean Flugum | ) | |
| Trustee. | ) | |

## MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Movant, Americredit Financial Services, Inc. dba GM Financial, and alleges as follows:

I.

Movant is a secured creditor of Respondent in the above-captioned cause.

II.

On or about September 13, 2018, and prior to the filing of Debtor's petition in bankruptcy, Respondent, executed and delivered an Iowa Vehicle Retail Installment Contract payable to the order of Movant.

III.

As security for Respondent's obligation on the Agreement, Respondent granted to

Movant a security interest in the following property of Respondent: a 2019 Chevrolet Silverado 2500H; VIN: 1GC1KTEGXKF109281, a copy of said Agreement is attached hereto as Exhibit "A." A copy of the Certificate of Title to said vehicle is attached hereto as Exhibit "B."

IV.

Respondent has defaulted on the obligations to Movant, in that Respondent has failed to make the payments required under the terms of the Agreement. Respondent owes Movant the sum of $40,489.27 plus interest. The current delinquent amount due to Movant is $2,958.50, representing default for two (2) monthly payments of $1,116.42.

V.

The current amount owed to Movant is approximately $40,489.27. The fair market value of the collateral is declining during the pendency of this bankruptcy and the Debtor has no equity in the vehicle. Attached as Exhibit "C" and made a part hereof is a NADA Official Used Car Guide indicating that a likely loan value is $39,000.00.

VI.

The continuation of the automatic stay will work real and irreparable harm to Movant and will deprive Movant, of adequate protection to which it is entitled under 11 U.S.C. §362 and §363 for the reasons mentioned above.

VII.

The continuation of the automatic stay could result in an unlawful taking of Movant's property.

WHEREFORE Movant, Americredit Financial Services, Inc. dba GM Financial, prays for a judgment terminating the automatic stay to permit Movant, to exercise any of its rights on the

following property:

a 2019 Chevrolet Silverado 2500H; VIN: 1GC1KTEGXKF109281.; or in the alternative, for an order directing the Debtor to provide adequate protection for Movant's interest in said vehicle in an amount sufficient to protect its interest.

Respectfully submitted,

/s/ Rodger Turbak
Rodger Turbak, No. AT0012446
Lewis Rice LLC
10484 Marty Street
Overland Park, KS 66212
(913) 648-6333 Phone
rturbak@lewisricekc.com
ATTORNEY FOR MOVANT

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA (Waterloo)

IN RE: )
)
Ryan's Electrical Services, LLC ) Case No. 20-00411
) Chapter 11
Debtor, ) Judge Thad J. Collins
)

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on this 6th day of May, 2020, a copy of the Motion for Relief and exhibits were deposited in the United States mail, postage prepaid, addressed to:

Ryan's Electrical Services, LLC
2917 Falls Ave.
Waterloo, IA 50701
Debtor

Douglas Dean Flugum
PO Box 308
Cedar Rapids, IA 52406
Trustee

Robert Cardell Gainer
1307 50th Street
West Des Moines, IA 50266
Debtor's Attorney

United States Trustee
111 7th Avenue SE, Box 17
Cedar Rapids, IA 52401-2101

/s/ Rodger Turbak
Rodger Turbak, No. AT0012446
Lewis Rice LLC
10484 Marty St.
Overland Park, KS 66212
(913) 648-6333
rturbak@lewisricekc.com
ATTORNEY FOR MOVANT

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA (Waterloo)

IN RE: )
)
Ryan's Electrical Services, LLC ) Case No. 20-00411
) Chapter 11
Debtor, ) Judge Thad J. Collins
_____ )
Americredit Financial Services, Inc. )
  dba GM Financial )
Movant, )
v. )
)
Ryan's Electrical Services, LLC )
Respondent, )
and )
)
Douglas Dean Flugum )
Trustee. )

**CORPORATE OWNERSHIP STATEMENT**
**[Rules 1007(a)(1) & 7007.l]**

Pursuant to Federal Rules of Bankruptcy Procedures 1007(a)(1) and 7007.1, the undersigned corporation, Americredit Financial Services, Inc. dba GM Financial, certifies that:

1. \_\_\_\_\_ The following is a complete and accurate list of corporation(s) that directly or indirectly own(s) 10% or more of any class of its equity interests:

    **See attached Exhibit "A"**

    OR

2. \_X\_ There are no entities to report under FRBP 1007(a)(1) and 7007.1.

The undersigned corporation further acknowledges its duty to file a supplemental statement promptly upon any change in circumstances which renders this Corporate Ownership Statement inaccurate.

Respectfully submitted,

<u>//s/ Rodger Turbak</u>
Rodger Turbak, No. AT0012446
Lewis Rice LLC
10484 Marty Street
Overland Park, KS 66212
(913) 648-6333 Phone
rturbak@lewisricekc.com
 ATTORNEY FOR MOVANT

# IOWA VEHICLE RETAIL INSTALLMENT CONTRACT

Exhibit "A"

DATE 08/15/2018   CONTRACT NO. _____

**Dealer's (Creditor-Seller) Name and Address**
PAT MCGRATH CHEVROLET
1616 51ST STREET N.E.
CEDAR RAPIDS IA 52402

**Buyer (and Co-Buyer) Name and Address**
RYAN'S ELECTRICAL SERVICES LLC
2917 FALLS AVE
WATERLOO IA 507015727

**Description of Purchased Vehicle:** XX New ☐ Used ☐ Demo ☐ Car XX Truck

| Year | Make | Model | Body Type | V.I.N. |
|---|---|---|---|---|
| 2019 | CHEVROLET TRU | SILVERADO 2500 | CREW CAB 4WD 153.7" | 1GC1KTEGXKF109281 |

Primary Use for Which Purchased (check one): XX Personal, Household or Family ☐ Business ☐ Agricultural ☐ Other

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $2000.00 |
|---|---|---|---|---|
| 11.95 % | $ 16971.70 | $ 50013.50 | $ 66985.20 | $ 68985.20 |

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 1116.42 | MONTHLY BEGINNING: 09/29/2018 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

**Security:** You are giving a security interest in the vehicle being purchased.
**Late Charge:** If any payment is not paid in full within 10 days after it is due, you will be charged a maximum of $30.00 or an amount not exceeding 5% of the part of the payment which is late, whichever is less.
**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
See the other side of this contract for additional terms, including information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and security interest.

### INSURANCE COVERAGE

Physical Damage Insurance is required. You may obtain it from anyone who is acceptable to us or you may provide it through a policy you already have. If you get the insurance from us, the cost is shown on line 4e at right.
**INSURANCE OBTAINED FROM US DOES NOT INCLUDE LIABILITY FOR INJURY TO PERSONS OR DAMAGE TO PROPERTY OF OTHERS.**

Term: N/A months
N/A
Insurance Company Name

☐ Collision ($ N/A deductible)
☐ Comprehensive ($ N/A deductible)
☐ Other than collision

Credit life Insurance and credit disability insurance are not required to obtain credit and your decision to buy or not buy credit life insurance or credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you agree to pay the extra cost by checking the coverage and signing below. The cost of the coverage is shown in item 4 of the Itemization of Amount Financed. Check the coverage desired:
☐ Life (☐ Buyer ☐ Co-Buyer)
☐ Disability (☐ Buyer ☐ Co-Buyer)
N/A
Insurance Company Name

You want to buy coverage checked above for the term of the contract and at the cost listed in item 4 at right.

X N/A   N/A
Buyer Signature   Date
X N/A   N/A
Co-Buyer Signature   Date

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1. Cash Price (including a documentary fee of $ 179.55 ) | $ 49538.55 | (1) |
| 2. Down Payment | | |
| Trade-In (Year, Make, Model) N/A | | |
| a. Gross Trade-In Allowance | $ N/A | |
| b. Less Payoff Made by Seller | $ N/A | |
| c. Equals Net Trade-In (a minus b) | $ N/A | |
| d. Cash | $ N/A | |
| e. Other MANUFACTURER REBATE | $ 2000.00 | |
| Total Downpayment (c + d + e) (If negative, enter "0" and see line 4h, below) | $ 2000.00 | (2) |
| 3. Unpaid Balance of Cash Price (1 minus 2) | $ 47538.55 | (3) |
| 4. Paid to Others on Your Behalf | | |
| To Public Officials for: | | |
| a. Title & Registration Fees | $ 94.00 | |
| b. Lien Filing Fee | $ 10.00 | |
| c. Taxes (not in Cash Price) | $ 2370.95 | |
| d. Other N/A | $ N/A | |
| *To Insurance Companies for: | | |
| e. Physical Damage Insurance | $ N/A | |
| f. Credit Life Insurance | $ N/A | |
| g. Credit Disability Insurance | $ N/A | |
| To Others: | | |
| h. To N/A for prior credit or lease balance | $ N/A | |
| *i. To N/A for optional GAP Contract | $ N/A | |
| *j. To N/A for N/A | $ N/A | |
| *k. To N/A for N/A | $ N/A | |
| *l. To N/A for N/A | $ N/A | |
| *m. To N/A for N/A | $ N/A | |
| *n. To N/A for N/A | $ N/A | |
| *o. To N/A for N/A | $ N/A | |
| *p. To N/A for N/A | $ N/A | |
| Total Paid to Others (Add 4a through 4p) | $ 2474.95 | (4) |
| 5. Amount Financed (3 + 4) | $ 50013.50 | (5) |
| *We may be retaining a portion of these amounts. | | |

A **GAP CONTRACT** (debt cancellation contract) is optional and is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown on line 4i in the Itemization of Amount Financed section. See your gap contract for details on the terms and conditions it provides. It is a part of this contract. I want to buy a GAP Contract:

Term N/A Months   Name of GAP Company N/A   Buyer Signature X N/A

**HOW THIS CONTRACT CAN BE CHANGED: IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.**

Buyer Signature X Ryans Electrical Services LLC by: [signature]   Co-Buyer Signature X N/A

**NOTICE TO CONSUMER (BUYER):** (1) Do not sign this paper before you read it. (2) You are entitled to a copy of this paper. (3) You may prepay the unpaid balance at any time without penalty, and may be entitled to receive a refund of unearned charges in accordance with law.

The Annual Percentage Rate may be negotiable with the Dealer. The Dealer may assign this contract and retain its right to receive a part of the Finance Charge. **Do not sign this Contract on a Sunday.**

You are certifying that you are at least 18 years old, that you have read this contract, front and back, and agree to its terms, and that you received a completely filled-in copy when you signed it. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it.

X Ryans Electrical Services LLC by: [signature]   08/15/2018   X N/A   N/A
Buyer Signature   Date   Co-Buyer Signature   Date

N/A   N/A   X Brenda Myer [signature]   08/15/2018
Signature of Co-Owner Not Obligated on Debt Consenting to and Granting Security Interest   Date   Dealer's Authorized Representative   Date

**FOR DEALER'S USE ONLY: DEALER'S ASSIGNMENT**
Dealer assigns its interest in this contract to GM FINANCIAL _____ (Assignee) under the terms of the Dealer's agreement(s) with Assignee.
Check one:  XX ☐ Assigned without recourse   ☐ Assigned with limited recourse   ☐ Assigned with recourse
PAT MCGRATH CHEVROLET   Brenda Myer [signature]   BUSINESS MANAGER
Dealership Name   Dealer's Authorized Representative   Dealer Representative's Title

RIC17 (Rev. 10/17) © IADA Services, Inc.

ORIGINAL

# Contract Terms and Conditions

1. **Parties.** In this contract, the words "we," "us" and "our" refer to the creditor (seller) and to any holder to whom this contract is sold. The words "you" and "your" refer to the buyer and co-buyer, if any.

2. **Payment.** The "Cash Price" of the vehicle is listed on the front of this contract. By signing this contract, you have agreed to buy the vehicle on credit. The credit price is the amount shown as "Total of Payments" which you promise to pay. You must make all payments when due. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose. You may prepay this debt at any time. We will refund any unearned finance charges as the law requires. There will be no refund of less than $1.00.

3. **Finance Charge.** The actual amount of finance charges you will pay depends on your payment patterns. The actual finance charge is calculated by applying the annual percentage rate to the unpaid balance of the amount financed on a daily basis until the amount financed is repaid in full. The actual finance charge may be more than the finance charge disclosed on the front if you make your payments later than the scheduled dates or in less than the scheduled amount. If any payment is not paid in full within 10 days after it is due, you will be charged a maximum of $30.00 or an amount not exceeding 5% of that part of the payment which is late, whichever is less.

4. **Right to Refinance Balloon Payment.** A balloon payment is a scheduled payment that is more than twice as large as the average of your earlier scheduled payments. If you are buying the vehicle primarily for personal, family, or household use, you may refinance the balloon payment when due without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

5. **Security Interest.** We retain a security interest under the Uniform Commercial Code in the vehicle you are buying. This security interest includes any accessories, equipment and replacement parts installed in the vehicle. You also assign to us any proceeds (up to the amount of the unpaid balance) of any insurance or service contracts on the vehicle or proceeds from life or disability insurance which is financed in this contract. You appoint us as your attorney-in-fact to note the security interest on the vehicle title. You must take care of the vehicle, and obey all laws in using it. You may not sell the vehicle without our prior express consent. You must keep the vehicle free from the claims of others. You may not rent, transfer, or encumber this vehicle or remove any part from it. You will maintain a current license and registration on the vehicle during the term of this contract. You will not remove the vehicle from the continental United States and you will notify us immediately of any change of your address.

6. **Vehicle Use.** You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, charges on the vehicle, you agree to repay the amount when we ask for it.

7. **Risk of Loss, and Vehicle Insurance.** You are solely responsible for any loss, damage, theft or destruction of the vehicle. You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. If at any time you do not have physical damage insurance which covers both your interest and our interest in the vehicle, then we may buy the insurance for you. We are under no obligation to do so. The insurance we buy will be substantially the same as the insurance you are required to maintain, except that we may choose to insure both your interest and our interest, or only our interest. If we buy either of these coverages, we will let you know what type it is and the charge you must pay. The charge will be the cost of insurance and a finance charge, at a rate equal to the annual percentage rate on the front of this contract. You agree to pay the charge in equal installments along with the payments shown on the payment schedule, or pay the charge in full upon demand, at our option. If the vehicle is lost or damaged, you agree that we can use any insurance settlement either to repair the vehicle or to apply it to your debt.

8. **Returned Check Charge.** You agree to pay a charge of $30.00 if any check you give us is dishonored.

9. **Late Payment.** Acceptance of a late payment or late charge does not excuse your default or mean that you can keep making payments after they are due. We may take steps described herein if there is a default.

10a. **Default.** If you break your promises (default), we may demand that you pay all you owe at once after we give you any notice of default and opportunity to cure the law requires. If you purchased the vehicle primarily for personal, family or household use, default means: (1) You pay any payment more than 10 days late or not at all; or (2) You made a material misrepresentation when you applied for credit, you start a proceeding in bankruptcy or one is started against you or your property, or you break any agreements in this contract, except that, we will only treat these events as defaults if they materially impair the condition or value of the vehicle, our right in the vehicle, or the prospect that you will pay. If you purchased the vehicle primarily for business or agricultural use, default means: (1) You fail to make any payment when due; or (2) You made a material misrepresentation when you applied for credit, you start a proceeding in bankruptcy or one is started against you or your property, or you break any agreements in this contract.

10b. **If you default,** and after we give you any notice and opportunity to cure that the law requires, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If we repossess the vehicle, you may be able to pay to get it back. We will tell you how much to pay to get the vehicle back (redeem). Your right to redeem ends when we sell the vehicle. If you do not pay to get the vehicle back, the vehicle will be sold. We will send you a written notice of sale before selling the vehicle. The money from the sale will be used to pay the amount you owe, less any expenses the law allows us to charge you. These expenses are those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale and sell it. Unless you are an individual or a partnership of individuals, you will also have to pay the attorney's fee and court costs we incur to collect what you owe. If money from the sale is not enough to pay the amount you owe, and unless otherwise provided by law, you will owe us the deficiency. If you do not pay the deficiency balance when we ask, we may charge you interest on the amount of the deficiency at the annual percentage rate disclosed in this contract until you pay the deficiency balance in full. If there is any money left from the sale, we will pay that surplus to you.

10c. **If we repossess** the vehicle any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for your personal items back, we may dispose of them as allowed by law.

11. **Servicing and Collection.** You authorize that we may try to contact you in writing, by e-mail, or using prerecorded or artificial voice messages, text messages, and automatic telephone dialing systems, to the extent permitted by law. You also authorize that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you, to the extent permitted by law.

12. **General.** Federal and Iowa law apply to this contract. If that law does not allow all of the agreements in this contract, the ones that are not allowed will be void. The rest of this contract will be valid. The paragraph headings are for convenience only and do not limit the terms of this contract.

13. **Warranty Disclaimer.** You understand that there are no implied warranties of merchantability, fitness for a particular purpose, or any other warranties, express or implied, covering the vehicle unless we provide you with a written warranty or service contract within 90 days from the date of this contract. If we do so, any implied warranty will last only as long as the limited written warranty.

This provision does not affect any warranties which may be provided by the vehicle manufacturer.

14. If you are buying a used vehicle, **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE. La informacion que aparece en la ventanilla de este vehiculo forma parte de este contrato. La informacion contenida en el formulario de la ventanilla anula cualquier prevision que establezca lo contrario y que aparezca en el contrato de venta.**

15. **Authorization.** You authorize us to communicate with your spouse in connection with this contract and collection of debt.

---

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

This notice does not apply if the vehicle was purchased primarily for business or agricultural use.

RIC17 (Rev. 10/17) © IADA Services, Inc.

# Commercial Addendum to Retail Installment Contract

Contract Date: 08/15/2018

| Buyer Name and Address | Co-Buyer Name and Address | Seller Name and Address |
|---|---|---|
| RYAN'S ELECTRICAL SERVICES, LLC<br>2917 FALLS AVE<br>WATERLOO, IA 50701<br>County: BLACK HAWK | County: | PAT MCGRATH CHEVROLET<br>1600 51ST ST NE<br>CEDAR RAPIDS, IA 52402 |

This Commercial Addendum to Retail Installment Contract ("Addendum") is entered into between Buyer and Co-Buyer (hereinafter collectively referred to as "Buyer") and Seller, each as named above, as of the Contract Date set forth above, and is a part of that certain vehicle sale contract ("Contract") between Buyer and Seller dated as of the Contract Date, notwithstanding any reference in the Contract to the terms of the Contract being the "entire agreement" of the parties. The terms of this Addendum are incorporated in the Contract as if set forth in full in the Contract itself.

The following terms of the Contract are hereby added:

1. **Additional Security for Commercial Contracts.** To further secure the performance of Buyer's obligations to Seller hereunder, under any other contract, lease or agreement, or otherwise, Buyer hereby grants to Seller a security interest in: (a) each and every vehicle purchased by Buyer and financed by Seller ("Financed Vehicles"); (b) each and every vehicle leased by Seller to Buyer ("Leased Vehicles"), to the full extent of Buyer's interest therein; (c) all accessions, attachments, replacements, substitutions and additions to the Financed Vehicles and Leased Vehicles; (d) all leases, lease payments, rental agreements, rentals, chattel paper and rights relating to the Financed Vehicles and Leased Vehicles; and (e) all proceeds derived from the Financed Vehicles and Leased Vehicles, including, but not limited to, insurance proceeds and refunds of insurance premiums. A default by Buyer under any contract, lease or agreement between Buyer and Seller shall be a default under all contracts, leases and agreements between Buyer and Seller. Upon such default, Seller may exercise all of its rights and remedies under all contracts, leases and agreements between Buyer and Seller.

2. **Purpose.** Notwithstanding anything in the Contract to the contrary, the vehicle described in the Contract is being purchased primarily for commercial or business use.

3. **OFAC Certification.** Buyer and Co-Buyer certify to Seller that neither they nor any person or entity holding any interest in them nor any of their respective officers or managers nor any guarantor of their respective obligations is a party with whom Seller is prohibited from doing business pursuant to the regulations of the Office of Foreign Assets Control or any other law or regulation. If the foregoing certification is or becomes untrue, in whole or in part, at any time, Buyer and Co-Buyer jointly and severally agree to indemnify Seller for any claim, damage, loss, liability or expense Seller suffers by reason of the untruthfulness of the foregoing certification.

4. **Arbitration Provision. PLEASE READ CAREFULLY.** This Arbitration Provision sets forth the procedure for resolving disputes arising out of or relating to the Contract and any related transaction or relationship. By agreeing to this Arbitration Provision:

   - **EITHER BUYER OR SELLER MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN THEM DECIDED BY ARBITRATION, AND NOT IN COURT OR BY JURY TRIAL.**
   - **BUYER GIVES UP ANY RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS CLAIM (INCLUDING CLASS ARBITRATION) AGAINST SELLER BY ENTERING INTO ARBITRATION.**
   - **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN A LAWSUIT IN COURT, AND OTHER RIGHTS THAT BUYER WOULD HAVE IN COURT MAY NOT BE AVAILABLE**

   At the election of any party to the Contract, any claim, dispute or controversy ("Claim") by either party against the other, or against the employees, agents, successors or assigns of the other, arising from or relating in any way to the Contract or any document, transaction or relationship relating thereto or the purchase or condition of the vehicle described in the Contract (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including but not limited to Claims regarding the applicability and interpretation of this Arbitration Provision or the validity and interpretation of the Contract, shall be resolved by neutral, binding arbitration and not by court action. The term "claim" shall have the broadest possible interpretation. No Claim submitted to arbitration may be brought as a class action or as a "private attorney general" action. Buyer waives the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim.

   The arbitration shall be conducted on an individual basis by the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org) or such other arbitration organization as Buyer and Seller may mutually agree to, under the rules in effect at the time the Claim is filed; provided, however, that this Arbitration Provision shall control in the event of any conflict with the rules of the chosen arbitration organization. The arbitration hearing shall be conducted in the federal district in which Buyer's billing address at the time the Claim is filed is located, unless Buyer and Seller mutually agree otherwise. The arbitrator shall be either a retired judge or an attorney selected under the applicable rules of arbitration. This Arbitration Provision and all arbitration conducted under it shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., and not by state law. Any award granted shall be accompanied by a written opinion of the arbitrator and shall be final and binding on all parties, subject only to any right of appeal under the Federal Arbitration Act. Judgment upon any arbitration award may be entered in any court having jurisdiction.

   At Buyer's written request, Seller will advance any arbitration filing fee or administrative and hearing fees which Buyer is required to pay to pursue a Claim in arbitration, up to a maximum of $5,000. The arbitrator will decide who will be ultimately responsible

After signing, attach this Addendum to the Contract. Attach a copy to the Buyer's copy of the Contract. For use in all states.

Form 508 - Commercial Addendum to Retail Installment Contract (Rev. 07/18)

for paying those fees, and as a result Buyer may be required to partially or fully reimburse Seller. Each party shall be solely responsible for the fees of its own attorneys and experts, as well as any other fees and costs.

This Arbitration Provision applies to all Claims now in existence or that may arise in the future, and shall survive any termination, payoff, assignment or transfer of the Contract, the bankruptcy of Buyer or Seller, or the institution of legal proceedings by either party against the other. Buyer and Seller each reserve the right to pursue remedies in small claims court that fall within the court's jurisdiction, to use self-help remedies such as repossession, and to file an action to recover the vehicle described in the Contract, to recover amounts owed under the Contract, or for individual injunctive relief, all without waiving the right to arbitrate. The decision of either party to waive arbitration with respect to a Claim shall not have the effect of waiving the right to elect arbitration for any other Claim.

If any part of this Arbitration Provision is found to be unenforceable for any reason, then the unaffected parts of this Arbitration Provision will remain in full force and effect; provided, however, that the entirety of this Arbitration Provision shall be deemed unenforceable if Buyer's waiver of its rights to class action is found to be unenforceable. To the extent that terms regarding arbitration are present in the Contract and conflict with this Arbitration Provision, the terms in the Contract shall govern.

As modified by this Addendum, all the terms and conditions of the Contract remain in full force and effect. This Addendum, together with the Contract, represents the entire agreement between the parties and supersedes any prior understandings or agreements, written or verbal, between the parties.

| BUYER | DATE | CO-BUYER (PRINT NAME) | DATE |
|---|---|---|---|
| Ryan's Electrical Services, LLC | 08/15/2018 | | |
| BY (SIGNATURE) | | SIGNATURE | |
| SIGNER PRINTED NAME | SIGNER TITLE | | |
| Ryan Otten | President | | |

| SELLER | DATE | BY (SIGNATURE) |
|---|---|---|
| Pat McGrath Chevrolet | 08/15/2018 | Trenda Myers |
| SIGNER PRINTED NAME | | SIGNER TITLE |
| Trenda Myers | | Administrative Assistant |

Guaranty. The guarantor shown below (the "Guarantor") hereby jointly, severally and unconditionally guarantees payment of Buyer and Co-Buyer's obligations to Seller hereunder, under any other contract, lease or agreement, or otherwise, and all extensions, substitutions and refinancing thereof. If Buyer fails to pay, Guarantor will pay the total amount owing even if there are other guarantors, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Guarantor will pay Seller even if Seller does one or more of the following: (1) gives Buyer more time to pay; (2) modifies Buyer's obligations; (3) gives a full or partial release to any other guarantor; (4) releases any security; (5) accepts less from Buyer than the total amount owing; or (6) otherwise reaches a settlement relating to Buyer's obligations. Guarantor waives notice of: acceptance of this Guaranty; Buyer's non-payment, non-performance and/or default; the amount owing at any time; and any demands upon Buyer. Guarantor waives any right to require Seller to first exhaust its remedies against Buyer or Co-Buyer, the security, or any other guarantor before collecting under this Guaranty. Guarantor will pay the attorney's fees, court costs and disbursements Seller incurs in enforcing the Contract or this Guaranty.

| | | ENTITY GUARANTOR LEGAL NAME | | DATE |
|---|---|---|---|---|
| INDIVIDUAL GUARANTOR SIGNATURE | DATE | BY (SIGNATURE) | | |
| INDIVIDUAL GUARANTOR PRINTED NAME | | SIGNER NAME | TITLE | |
| GUARANTOR ADDRESS | | GUARANTOR ADDRESS | | |
| CITY | STATE | ZIP | CITY | STATE | ZIP |

After signing, attach this Addendum to the Contract. Attach a copy to the Buyer's copy of the Contract. For use in all states.

Form 508 - Commercial Addendum to Retail Installment Contract (Rev. 07/18)

# STATE OF IOWA

Exhibit "B"

## CERTIFICATE OF TITLE TO A VEHICLE

Regular

Designation
Title No. 07AG09248  County Black Hawk  Issue Date 08/29/2018
VIN 1GC1KTEGXKF109281  Type Truck

| | | | | | |
|---|---|---|---|---|---|
| Year | 2019 | Make Chevrolet | Model Silverado K2500 Heavy Duty Ltz | Style | PK |
| Cyl. | 8 | Fuel Flexible Fuel | Weight 6,700 | GVWR | 9500 |
| Color | White | | LP. | Sq. Ft. | |
| Odometer | 35 Actual Miles | | | Cumulative Damage | |

Owner(s)
Ryan's Electrical Services, LLC
2917 FALLS AVE
WATERLOO IA 507015727

| | Fee | Penalty |
|---|---|---|
| Title Fees | $25.00 | $0.00 |
| Fee for New Reg | $2,367.95 | |
| Registration Fees | $69.00 | $0.00 |
| SI Fees | $10.00 | |
| Plate Fees | $0.00 | |
| Other Fees | $3.00 | |
| Totals | $2,474.95 | $0.00 |

Prev. Title No./ST  G78966758
Prev. Owner
Pat McGrath Chevrolet
1616 51ST ST NE
CEDAR RAPIDS IA 524022447

**1ST Security Interest**
Date: 08/29/2018
Held By: GM Financial
Address: PO Box 182673 Arlington TX 76096

If there are NO Security Interests "X" here: ☐
No. 07L06462645

**Cancellation of 1ST Security Interest**
Date_____ No._____ Date_____
Holder_____ CO Treas_____
By_____ By_____

**2ND Security Interest**
Date:
Held By:
Address:
No:

**Cancellation of 2ND Security Interest**
Date_____ No._____ Date_____
Holder_____ CO Treas_____
By_____ By_____

**3RD Security Interest**
Date:
Held By:
Address:
No:

**Cancellation of 3RD Security Interest**
Date_____ No._____ Date_____
Holder_____ CO Treas_____
By_____ By_____

Witness My Hand

Rita M. Schmidt
County Treasurer

By:_____ /s/ M Schmidt  Deputy



msch

A020149370

THIS TITLE CONTAINS AN EAGLE WATERMARK WHICH IS VISIBLE WHEN HELD TO LIGHT



# Exhibit "C"

**NADA Used Cars/Trucks**

**GM Financial - BK Dept**

4000 Embarcadero
Arlington, TX 76014
817-524-3546
Mandy.Youngblood@gmfinancial.com

## Vehicle Information

| | |
|---|---|
| Vehicle: | 2019 Chevrolet Silverado 2500 HD Crew Cab LTZ 4WD 6.0L V8 |
| Region: | Midwest |
| Period: | April 30, 2020 |
| VIN: | 1GC1KTEGXKF109281 |
| Mileage: | 22,500 |
| Base MSRP: | $52,500 |
| Typically Equipped MSRP: | $54,195 |
| Weight: | 6,532 |



## NADA Used Cars/Trucks Values

| Auction* | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Low | $36,425 | $312 | $900 | **$37,637** |
| Average | $39,025 | $312 | $900 | **$40,237** |
| High | $41,650 | $312 | $900 | **$42,862** |
| Trade-In | | | | |
| Rough | $37,275 | N/A | $2,325 | **$39,600** |
| Average | $39,175 | N/A | $2,325 | **$41,500** |
| Clean | $40,725 | N/A | $2,325 | **$43,050** |
| | | | | |
| Clean Loan | $36,675 | N/A | $2,325 | **$39,000** |
| Clean Retail | $45,150 | N/A | $2,600 | **$47,750** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Automatic Climate Control | w/body | w/body |
| Navigation System [VIN Based Option] | $575 | $650 |
| Parking Aid [VIN Based Option] | $175 | $200 |
| Univ Garage Door Opener | w/body | w/body |
| | | |
| Aluminum/Alloy Wheels | w/body | w/body |
| Fog Lights | w/body | w/body |
| Leather Seats | w/body | w/body |