IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Bk. No. 20-00411 |
| RYAN'S ELECTRICAL SERVICES, LLC, | ) | |
| | ) | |
| Debtor. | ) | |

**UNITED STATES' OBJECTION TO
CHAPTER 11 PLAN OF REORGANIZATION**

The United States of America, on behalf of the Internal Revenue Service, (IRS), files its objection, pursuant 11 U.S.C. § 1128(b), to Debtor's Chapter 11 plan filed by the Debtor on June 23, 2020. (Doc. 83). In support thereof, the United States states as follows.

1. The IRS filed its proof of claim in this bankruptcy case for pre-petition debt, Claim # 10-1, on May 7, 2020, attached as Exhibit 1. Claim # 10-1 consists of a secured claim in the amount of $862,805.44, an unsecured priority claim of $74,203.38 and an unsecured general claim of $ .22 for a total claim of $937,009.04. (Exhibit 1, pgs. 4-5).

2. The secured claim of IRS arises from 2016 tax penalties and unpaid withholding and FICA taxes due to the IRS from the four quarters of 2018 and two quarters of 2019, including interest and penalty to the petition date for a total claim of $862,805.44. (Exhibit 1, pg. 4).

3. The IRS's claim to these unpaid taxes are perfected by liens recorded with the Iowa Secretary of State and the Black Hawk County, Iowa County Recorder as follows:

a. UCC lien recorded on August 5, 2019 in the amount of $508,346.62 with the Iowa Secretary of State, UCC Division, Hoover Building, Des Moines, Iowa at UCC number F053254-8 (Exhibit 1, pg. 6);

b. Lien recorded on August 5, 2019 in the amount of $508,346.62 with the Black Hawk County Recorder, Black Hawk County Courthouse, Waterloo, Iowa at Recording number 2020-00002205 (Exhibit 1, pg. 7);

c. UCC lien recorded on December 3, 2019 in the amount of $6,641.13 with the Iowa Secretary of State, UCC Division, Hoover Building, Des Moines, Iowa at UCC number F053680-7 (Exhibit 1, pg. 8);

d. Lien recorded on December 2, 2019 in the amount of $6,641.13 with the Black Hawk County Recorder, Black Hawk County Courthouse, Waterloo, Iowa at Recording number 2020-00009951 (Exhibit 1, pg. 9);

e. UCC lien recorded on February 10, 2020 in the amount of $106,897.28 with the Iowa Secretary of State, UCC Division, Hoover Building, Des Moines, Iowa at UCC number F053878-4 (Exhibit 1, pg. 10);

f. Lien recorded on February 10, 2020 in the amount of $106,897.28 with the Black Hawk County Recorder, Black Hawk County Courthouse, Waterloo, Iowa at Recording number 2020-00013927 (Exhibit 1, pg. 11);

g. UCC lien recorded on February 18, 2020 in the amount of $191,119.54 with the Iowa Secretary of State, UCC Division, Hoover Building, Des Moines, Iowa at UCC number F0538853 (Exhibit 1, pg. 12);

h. Lien recorded on February 18, 2020 in the amount of $191,119.54 with the Black Hawk County Recorder, Black Hawk County Courthouse, Waterloo, Iowa at Recording number 2020-00014302 (Exhibit 1, pg. 11).

4. In addition to the secured claim of the IRS, the IRS has an unsecured priority claim in the amount of $74,203.38 based primarily upon the unfiled withholding and FICA taxes due to the IRS for the first quarter of 2020. (Exhibit 1, pg. 4).

5. The United States, on behalf of the IRS, objects to confirmation of the Debtor's proposed Chapter 11 plan filed on June 23, 2020. The plan will not pay the claim of the IRS in full, having proposed to pay $786,496.65 of its total claim of $937,009.04. In addition, the plan fails to propose proper payment of the IRS's secured claim and the IRS's priority claim. Also, the plan as proposed requires significant balloon payments to nearly every creditor but fails to show how such payments will be feasible. In addition, the past performance of the debtor also indicates an inability to perform as the proposed plan requires. Finally, the default provisions of the plan and not fair and equitable to the IRS.

### **IRS's Secured Claim**

6. The secured claim of the IRS is treated in the plan under Class 2 as an impaired class. (Doc. 83, pg.9, 11). The debtor proposes to pay $317,227.09 of the IRS's secured claim of $862,805.44 with monthly payments of $2,386.43 to begin August 19, 2020. *Id.* at 11. The proposed payment is amortized over 15 years with

3

an interest rate of 4.25 per annum with a five-year balloon payment to be made on March 24, 2025. *Id.* These payments are substantially inadequate to pay the secured claim of the IRS in full under the term of the plan.

7. The United States objects to the proposed treatment of its secured claim. The secured claim of the IRS is superior to the secured interest of the Class 3 creditor, Community State Bank and the amount of IRS's allowed secured claim in this plan of reorganization should properly reflect the secured interest of the IRS. The liens of the United States attach to all of the debtor's right, title and interest to property pursuant to 26 U.S.C. § 6321 and pursuant to the statute are superior to the interests of Community State Bank certainly as to the accounts receivable as well as to other property of the debtor. The plan should pay the secured claim of the IRS in full. Because the plan fails to pay the secured claim in full, confirmation should be denied.

8. In addition, in order for the plan to be confirmed as to the treatment of the IRS's secured claim, 11 U.S.C. § 1191(c) requires the plan be fair and equitable with respect to each class of claims or interests, which, pursuant to 11 U.S.C. § 1191(c)(1) requires the plan to comply with 11 U.S.C. § 1129(b)(2)(A).

9. The plan fails to comply with those provisions of the Bankruptcy Code. 11 U.S.C. § 1129(b)(2)(A)(i) and (ii) requires a holder of a secured claim to "retain the liens securing such claims" and that the holder of such claim

> "receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property . . ."

11 U.S.C. § 1129(b)(2)(A)(ii)

10. IRS should receive payments for the entire amount of their secured claim. Debtor's liquidation analysis, Exhibit A to the proposed plan, shows assets secured to IRS that substantially exceed the allowed secured claim to IRS in Class 2. Even if the claim of Community State Bank were superior to the claim of the IRS, the liquidation analysis shows assets secured to Community State Bank and IRS that total $1,077,895. Therefore, even if the claims of Community State Bank of $304,786.83 were superior to the secured claim of the IRS, and the United States does not so concede, the secured interest of the United States would still be in excess of $700,000. The debtor's plan fails to pay the secured claim of the IRS in full and should be denied confirmation

### IRS's Priority Claim

11. The priority claim of the IRS is treated in the plan as an unclassified class. (Doc. 83, pg. 9, 11). The debtor proposes to pay $469,269.56 of the IRS's priority claim with monthly payments of $8,216.35 to begin August 19, 2020. *Id.* at 11. The proposed payment is "amortized over 5 years with an interest rate of 5%, with a 10 year balloon, for the first 12 months, with the remaining term of the Plan, with a balloon payment on March 24, 2025. *Id.* [1]

---

[1] As previously noted, IRS argues that the total amount of its secured claim of $862,805.44 should be paid in full as a secured claim. The United States also objects to the payment of the priority claim as stated herein. However, even if the IRS's secured claim would not be required to be paid in this bankruptcy case, the debtor would still have to pay the total claim of $937,009.04. As any amount owed IRS not paid as a secured claim, those amounts would still have to be paid as a priority claim. But as previously noted, the debtor's total payments under the plan fall far short of what the IRS should be paid in total. The plan, in any event, will not pay the claim of the IRS in full, having proposed to pay only $786,496.65 of its total claim of $937,009.04.

12. The United States objects to the treatment of its priority claim. The language of the proposed repayment is unclear as to the balloon of 10 years "for the first 12 months . . ." as the language of the plan proposes. The plan should be amended to clarify IRS's treatment of payment of its priority claim.

13. Further, to be confirmed, 11 U.S.C. § 1191(c)(2)(A) requires a plan to be fair and equitable. Here, the other unclassified priority creditor, the Iowa Department of Revenue, is receiving much more favorable treatment with an interest rate of 7% and a five year balloon payment. (Doc. 83, pg. 9, 10-11). The plan should be amended to provide 7% interest to the IRS's priority claim.

### Feasibility

14. In addition to the concerns as to the proposed payments as to the IRS's secured and priority claims, the plan is not feasible. The proposed fifteen-year repayment is excessive, especially with the unfunded balloon payments at five years in 2025. The time period of fifteen years exceeds the normal maximum five-year period. 11 U.S.C. § 1191(c)(2)(A) effectively imposes a five-year limit.

15. Further, 11 U.S.C. § 1191(c) also requires that the plan be feasible. Specifically, 11 U.S.C. § 1191(c)(3)(A)(i) states that the debtor must be able to make the plan payments under the proposed plan or will have a reasonable likelihood of being able to make all payments with appropriate remedies such as the liquidation of nonexempt assets to protect holders of claims if payments are not made. 11 U.S.C. § 1191(c)(3)(B). Nothing in the plan as proposed indicates that the

debtor will be able to generate the money required to make the substantial balloon payments due on March 24, 2025, to the two claims of IRS, or the claims of either the Iowa Department of Revenue or Community State Bank.

16. Further, the past history of the debtor indicates that he has struggled to pay his trust fund tax obligations to the IRS. As the IRS's proof of claim details, the debtor failed to keep up with the withholding and FICA taxes due to the IRS from all four quarters of 2018 and four quarters of 2019, including interest and penalty to the petition date for a total claim of $862,805.44 as well as an additional $74,203.38 based upon the unfiled withholding and FICA taxes due to the IRS for the first quarter of 2020. (Exhibit 1, pg. 4). It is very difficult to imagine this substantial failure to pay these taxes from 2018 to 2020 can be cured by the debtor and the substantial balloon payments this plan requires to be feasible. The debtor has failed to show an ability to generate the kind of income to keep current on his on-going tax obligations let alone the ability to produce the massive amount of money he will need not only to fund this plan, but to create the immense sums needed to make these balloon payments.

17. The current fifteen-year plan does not disclose how debtor will make the balloon payments in 2025. If the plan properly proposes payments based upon income flow during the first three to four years of the plan, the debtor has not shown an ability to generate the money needed to pay the balloon payment in 2025.

18.     A plan may be confirmed if it is fair and equitable. *See* 11 U.S.C. § 1191(c)(2)(A). "Fair and equitable" means that, among other requirements, as to of the effective date of the plan, the plan provides that all projected disposable income in a plan not to exceed five years and feasible. 11 U.S.C. § 1191(c)(2), Also, 11 U.S.C. § 1192, as to the granting of discharge, states that, as soon as practical after the competition of payments due within the first three years of a plan, or for longer periods not to exceed five years as the court may fix, the court will grant a discharge. The proposed fifteen-year plan does not correspond with the five-year limit to obtain a discharge.

## **Default Provisions**

19.     The terms of the plan treat the IRS claims in the event of default differently from other creditors. 11 U.S.C. § 1191(c)(3)(B) requires appropriate remedies to protect holders of claims or interest in the event that the payments are not made. The fair and equitable requirements of 11 U.S.C. § 1191(c) do not permit the default provisions of the plan to treat IRS in a manner that is less beneficial to the IRS than other creditors including Community State Bank. As an example, the default provisions do not require other creditors to seek relief from stay, whereas the Iowa Department of Revenue and IRS may still be required to seek relief from the automatic stay to proceed to collect in the event of default. (Doc. 83, pg.17).

WHEREFORE, the United States, on behalf of the IRS, objects to confirmation of the Debtor's chapter 11 plan and respectfully requests its approval be denied. The plan of reorganization fails to pay the secured and the priority claims of the IRS in full and fails to provide a feasible plan of reorganization that is fair and equitable. Further, the United States seeks any such additional relief as the Court may deem appropriate.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By:  /s/ Martin J. McLaughlin

MARTIN J. McLAUGHLIN
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401
(319) 363-6333  Phone
(319) 363-1990  Fax
Marty.Mclaughlin@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I mailed, and/or caused to be electronically mailed, a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on   7/24/20   .

UNITED STATES ATTORNEY
BY:   /s/ D. Nash  

COPIES TO:
Robert Cardell Gainer, Attorney for Debtor
U.S. Trustee