# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 20-00411 |
| RYAN'S ELECTRICAL SERVICES, LLC ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

## IOWA DEPARTMENT OF REVENUE'S OBJECTION TO CHAPTER 11 PLAN OF REORGANIZATION

The Iowa Department of Revenue (IDR) hereby objects to the Debtor's Chapter 11 Plan of Reorganization filed on June 23, 2020 (as Doc. 83). In support, IDR states as follows:

1. The IDR is the holder of priority tax claims, filed as claims 2, 21, 22, and 23, reflecting priority pre-petition withholding, sales, and consumer use tax obligations.

2. The Debtor filed a Plan of Reorganization (the "Plan") on June 23, 2020. The Plan proposes to pay the priority portion of IDR's claim over a period of five years, with a multiple-month balloon payment on March 25, 2025.

3. To satisfy the requirements for confirmation, a Debtor must establish that the Plan is "fair and equitable". 11 U.S.C. § 1191(b).

4. To establish that the Plan is "fair and equitable", the Debtor must demonstrate that either "The debtor will be able to make all payments under the plan" or that *both* "there is a reasonable likelihood that the debtor will be able to make all payments under the plan" *and* "the plan provides appropriate remedies, which may include the liquidation of nonexempt assets, to protect the holders of claims or interests in

the event that the payments are not made". 11 U.S.C. § 1191(c)(3).

5. For the reasons more fully stated in the objections of the United States Trustee (Doc. 94) and the United States (Doc. 95), and as more fully explained in the statement of the Subchapter V Trustee (Doc. 93), the Debtor has not established a reasonable likelihood that it will be able to make all plan payments. Debtor's operating reports demonstrate a low likelihood that the debtor will be able to pay recurring expenses, let alone make plan payments and save for the numerous balloon payments provided for in the Plan.

6. Given the substantial secured claims, the Plan's default provisions provide essentially no remedy to protect the interest of IDR in the event of default.

7. Because the Debtor has not established that the Plan is "fair and equitable" as required by § 1191, the Plan should not be confirmed.

WHEREFORE, the IDR respectfully requests that the Court deny confirmation of the Debtor's Chapter 11 Plan of Reorganization, and for such other and further relief as the Court deems appropriate.

                                      IOWA DEPARTMENT OF REVENUE

                                      By: /s/ Brandon J. Gray – July 24, 2020
                                            BRANDON J. GRAY AT 0010191
                                            Assistant Attorney General
                                            Revenue Division
                                            1305 Walnut St
                                            Des Moines, IA 50319
                                            Phone: (515) 518-9072
                                            Brandon.gray@ag.iowa.gov

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above document(s) was delivered by electronic service to the persons listed below at the addresses indicated on the 24th day of July, 2020.

    /s/ Brandon J. Gray
    Brandon J. Gray

COPIES TO:
Robert Gainer, Attorney for Debtor
Martin J. McLaughlin, Attorney for the United States
Douglas Flugum, Subchapter V Trustee
U.S. Trustee